## THE MARY L. PETERS.

### HOWELL et al. v. THE MARY L. PETERS.

(District Court, S. D. New York. June 25, 1895.)

CARRIERS—DAMAGE TO CARGO—SEA PERILS—LEAKY DECK—UNSEAWORTHINESS —HARTER ACT—"DUE DILIGENCE" REQUIRED OF SUPERINTENDENT OF REPAIRS.

The Mary L. Peters with a cargo of sugar from Sagua La Grande to New York met extraordinary weather in February and March, and the sugar was damaged by water through leaks about the waterways. and hatches, and through the decks; the evidence showed the deck in poor condition before sailing, and unfit for such a voyage and cargo. *Held* (1) that the vessel was answerable for the damage from leaks through the deck; (2) that there was no such "due diligence" exercised by the persons employed by the owners to see to the repair of the ship as to exempt the ship and owners.

This was a libel by Benjamin H. Howell and others against the schooner Mary L. Peters to recover damages to a cargo of sugar.

George A. Black, for libelants.

Goodrich, Deady & Goodrich, for respondent.

BROWN, District Judge. The above libel was filed to recover for damages to bags of sugar upon a voyage from Sagua La Grande to New York in February and March, 1894. The damage arose from sea water taken in through the decks, and in the waterways and around the coamings of the hatches.

The evidence of very severe weather on the voyage is in this case much stronger, in my judgment, than in the case of The Centurion, 68 Fed. 382, in which the court of appeals in this dis-

trict has recently held the ship exempted by reason of sea perils. If I were satisfied of the reasonably fit condition of the schooner to encounter the ordinary perils of a winter voyage, I should have held her excused, as I did in the case of The Sintram, 64 Fed. 884, for some water damage arising through strains in the waterways. But the evidence shows not only the bad condition of the schooner's deck, but leaks also through the deck, besides what water might have been taken in around the coamings and the waterways compatibly with a seaworthy ship, under the circumstances of the voyage.

I must, therefore, hold the ship answerable in this case for insufficiency for the voyage and cargo (The Edwin I. Morrison, 153 U. S. 199, 14 Sup. Ct. 823; The M. R. Bohannon, 64 Fed. 883; Hubert v. Recknagel, 13 Fed. 912; The Giles Loring, 48 Fed. 463); and there is no such evidence of "due diligence" on the part of the owner, or of those who represented him in the inspection and repair of the ship before sailing, as to exempt the ship under the Harter act (Act Feb. 13, 1893).

Decree for libelant, with costs.