## THE JAMES E. NEWSOME.

### PLUMMER v. ATLANTIC TOWING CO. et al.

(District Court, S. D. Florida. June 29, 1926.)

No. 2434.

1. Shipping ⊂⇒15—Towage ⊂⇒11(10)—Forced removal to sea of lumber schooner, unloading where grounded in harbor, held not within authority, of harbor master, and tugs removing her were liable (Rev. Gen. St. Fla. 1920, § 2502).

A harbor master is not given authority by Rev. Gen. St. Fla. 1920, § 2502, to order removal of lumber schooner, which grounded in a harbor and was there unloading, and tugs which removed her to sea and anchored her where she was damaged by the seas, cannot justify by claim that they acted under his direction, and are liable for the tort.

2. Admiralty ⊂⇒62.

A cross-libel for damages to vessel and cargo may be required to specify the amount of damages claimed for each.

In Admiralty. Suit by the Atlantic Towing Company and others against the schooner James E. Newsome, W. F. Plummer, master and claimant, with cross-libel. On exceptions to cross-libel. Overruled in part, and sustained in part.

Warren S. Reese and J. C. Morcock, both of Miami, Fla., for libelants.

McCaskill, Taylor & McCaskill, of Miami, Fla., for claimant.

CALL, District Judge. A libel was filed by libelants, claiming towage services rendered the vessel. The facts stated in the libel may be summarized as follows: The vessel, bound from Savannah, Ga., with cargo of lumber for Miami, Fla., while entering the harbor under tow, grounded in the channel and received some damage, causing her to take in water. While in this condition, the services set out in the libel were rendered. It is claimed that these services were rendered with the consent of the owners of the vessel; this is denied in the answer. After floating the vessel, she was towed to the outside in the ocean and anchored.

The cross-libel alleges, in substance, that after the grounding of the schooner arrangements were made for, and the unloading of the vessel was proceeding with dispatch, when

the deputy harbor master of the port and the masters of the tugs boarded and took charge of the vessel, prevented the unloading of cargo, and towed the vessel to sea and anchored her in 24 feet of water, where she was damaged by the seas and pounded; the damages claimed being $20,000, apparently to vessel and cargo.

[1] The first exception challenges the case set out against the cross-respondents. Proctors in their brief rely upon section 2502, R. G. S. of Florida, for authority for what they did. Under this section the authority of the harbor master is fully performed when he designates the position in the stream or at the dock as to best facilitate the discharge of cargo, and at the same time interfere as little as possible with other vessels in the vicinity. I find no authority vested in the harbor master or his deputy to do what this cross-libel alleges was done. Nor can the tug masters justify under any such authority. If the allegations in the cross-libel are true, a tort was committed by the tug masters with the tugs of libelants, and a cause of action accrues to cross-libelant.

[2] The second and third exceptions go to the form of the statement of damages claimed. As before noted, the damages claimed are in behalf of the vessel and cargo, but it does not show how much for the vessel and how much for the cargo. I am of opinion that cross-respondents are entitled to be informed by the cross-libel with approximate certainty of damage to vessel and the cargo to prevent surprise at the hearing.

The second and third exceptions will be sustained, with leave to amend, and the first exception will be overruled. It will be so ordered.