**NEDERLANDSCHE · AMERIKAANSCHE STOOMVAART MAATSCHAPPIJ et al. v. MEDITERRANEAN & GENERAL TRADERS, Inc.**

**THE LEERDAM.**

(Circuit Court of Appeals, Fifth Circuit. February 21, 1927.)

No. 4836.

1. **Shipping** ⬅121(2)—**Ship held liable for damage to cargo from seawater.**

A ship *held* liable for damage to cargo from seawater, which leaked through an open rivet hole, which, so far as shown by the evidence, may have been open when the voyage commenced.

2. **Shipping** ⬅132(4)—**Shipowner has burden of showing due diligence to make ship seaworthy by definite evidence (Comp. St. § 8031).**

The burden rests upon a shipowner to prove the exercise of due diligence to make the ship seaworthy, which will exempt her from liability under Harter Act, § 3 (Comp. St. § 8031), and that burden is not sustained by evidence of a superficial inspection, nor by evidence so indefinite that it is impossible to say that any real inspection was made, nor by evidence that he employed competent men to do the work, but he is responsible for their failure.

Appeal from the District Court of the United States for the Eastern District of Louisiana; Louis H. Burns, Judge.

Suit in admiralty by the Mediterranean & General Traders, Inc., against the steamship Leerdam; the Nederlandsche Amerikaansche

Stoomvaart Maatschappij owner and claimant. Decree for libelant, and claimant appeals. Affirmed.

For opinion below, see 8 F.(2d) 295.

Geo. H. Terriberry, Jos. M. Rault, and H. F. Stiles, Jr., of New Orleans, La. (Terriberry, Young, Rault & Carroll, of New Orleans, La., on the brief), for appellants.

Eugie V. Parham, of New Orleans, La., for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. A cargo of whiting or chalk was damaged by water while it was being carried by the steamship Leerdam on a voyage from Antwerp to New Orleans. The owner of the cargo libeled the steamship and was awarded a decree for the damage. The owner of the steamship appeals, and contends that the evidence shows that it exercised due diligence to make the ship seaworthy, and that the damage was caused either by a latent defect or by a peril of the sea.

[1] A clause of the bill of lading, pursuant to section 3 of the Harter Act (Comp. St. § 8031), exempts appellant from liability for latent defects and perils of the sea, upon condition that it had exercised diligence to make the ship seaworthy. The Leerdam was a new ship. On her first voyage, rough weather was encountered, and some water damage to the cargo was caused by the breaking of rivets in the cabin bulkhead forward and in the main deck. Upon the completion of that voyage, a survey was held. The surveyor states in a most general way that it was thorough, but he fails to state what was actually done. Within a few days after that survey, the second voyage was begun, on which appellee's cargo was shipped; and on it the Leerdam again encountered rough weather, but not more severe than was reasonably to be expected on the Atlantic at that season of the year. In order to steady the ship, the forepeak tank was filled with seawater, which leaked through a rivet hole in the bulkhead into hold No. 1, where appellee's cargo was stored. No missing rivet was found, and it is uncertain whether there ever was one in the rivet hole through which the water leaked. A subsequent examination failed to disclose any evidence of weakness or straining about the bulkhead or elsewhere.

[2] The burden of proving that due diligence has been used to make a vessel seaworthy is upon the ship owner. The Wildcroft, 201 U. S. 378, 26 S. Ct. 467, 50 L. Ed. 794. That burden is not sustained by evidence of a superficial inspection (The Southwark, 191 U. S. 1, 24 S. Ct. 1, 48 L. Ed. 65), nor where the evidence is so indefinite that it is impossible to determine that any real inspection was made. The evidence in this case is wholly unsatisfactory, and is consistent with the inference that no test whatever was made or undertaken. Due diligence to make a vessel seaworthy must in fact have been exercised. It is not sufficient for a shipowner to show that he had employed competent men to do the work, but he is held responsible for the failure of the men he employs. International Navigation Co. v. Farr & Bailey Mfg. Co., 181 U. S. 218, 21 S. Ct. 591, 45 L. Ed. 830; The Mary L. Peters (D. C.) 68 F. 919; The Manitoba (D. C.) 104 F. 145, 159. In the absence of evidence that due diligence was exercised by appellant or its agents, there is no means of determining whether there was a defective rivet which was forced out or lost, or whether the rivet hole had been left open from the beginning. We do not think that the weather was shown to be rough enough to be considered a peril of the sea. It could well have been foreseen as one of the ordinary incidents of the voyage. The Rosalia (C. C. A.) 264 F. 285.

The decree is affirmed.