## THE FORT GAINES.

District Court, D. Maryland. September 21, 1927.

No. 1448.

**1. Shipping ☞132(2)—Libel for damage to cargo need not be itemized.**

A libel for damage to cargo need not contain an itemized statement of damages, which is matter of proof.

21 F.(2d)—55

**2. Shipping ☞137—Harter Act contains no exemptions from liability for unseaworthiness (46 USCA § 192).**

Harter Act, § 3 (46 USCA § 192; Comp. St. § 8031), contains no exemption from liability for unseaworthiness.

**3. Shipping ☞58(2⅜)—Charterer of vessel as private carrier held to have burden to prove unseaworthiness.**

Vessel chartered to carry full cargo for charterer is private carrier, and in suit by charterer for damage to cargo the libelant has burden to prove unseaworthiness.

**4. Shipping ☞39(1)—Charter party governs in suit between owner and charterer.**

In suit between owner and charterer, terms of charter party, and not bill of lading, govern rights of parties.

**5. Shipping ☞42(2)—Owner of vessel under time charter warrants her seaworthiness at commencement of each voyage.**

A time charter, not a demise, reciting the vessel as seaworthy and binding the owner to maintain her in efficient condition during the service, imports a warranty of seaworthiness, not only at delivery, but at the commencement of every voyage thereunder.

In Admiralty. Suit by Antonio Lanasa against the steamship Fort Gaines. On exceptions to libel. Overruled.

See, also, 18 F.(2d) 413.

Bigham, Englar & Jones, of New York City, and Janney, Ober, Slingluff & Williams, of Baltimore, Md., for libelant.

Robert W. Maeser and Washington Bowie, Jr., both of Baltimore, Md., for respondent.

COLEMAN, District Judge. In this case the steamship Fort Gaines was under a time charter of approximately 11 months to the libelant for the purpose of being employed in the West Indian fruit trade. It is alleged in the libel that in the course of a voyage from Port Antonio, Jamaica, to Baltimore, with a cargo of bananas, the machinery of the vessel was in such an unseaworthy condition that she was late in commencing her voyage, and that in the course of it she was also subject to further delay, which resulted in damage to the perishable cargo of fruit to the extent of some $6,000. The case is now before the court upon exceptions to the libel filed by the stipulator, the Fidelity & Deposit Company of Maryland.

There are five separate exceptions. The first and the fourth go to the form of the libel; that is, they allege that it is incomplete and insufficient, in that it does not propound and allege, in distinct articles, the various allegations of fact upon which libel-

ant relies, as is required by the twenty-second admiralty rule, and that the libel is too vague and general in asserting the character and extent of libelant's claim. The court finds that these two exceptions are not well founded. The libel, article 6, alleges that the vessel was not seaworthy; article 7 states that the vessel failed to set out upon her voyage to Baltimore within a reasonable time after the cargo was completely laden, because of the unseaworthy condition of the vessel's machinery; article 8 states that the damage was caused by the unseaworthy condition of the vessel's machinery; and article 10 states the extent of the damage. These allegations would seem adequately to meet the requirements of rule 22. See Benedict on Admiralty (5th Ed.) § .266, and cases cited.

[1] Similarly, the third exception appears to be without merit. It avers that the allegations of the libel "do not disclose any damages to said libelant," a statement which, as above shown, is not accurate, and furthermore a libel need not contain an itemized statement of damages, for this is a matter of subsequent proof.

[2] The second exception, which avers that the libel does not state facts sufficient to constitute a cause of action, is in the nature of a general demurrer. Before the passage of the Harter Act in 1892 it was clear that the owner of a ship, whether a bailee for hire or a common carrier, must furnish a seaworthy vessel. There was an implied warranty to this effect of binding force. The Caledonia, 157 U. S. 124, 15 S. Ct. 537, 39 L. Ed. 644, and cases cited. The Harter Act (27 Stat. 445 [46 USCA §§ 190–195; Comp. St. §§ 8029–8035}) made no change in the duty to furnish a seaworthy vessel. The Carib Prince, 170 U. S. 655, 18 S. Ct. 753, 42 L. Ed. 1181; The Cornelia (D. C.) 15 F.(2d) 245.

[3] However, the act (section 3) did modify liability to the extent that, if the shipowner used due diligence to see that his vessel was seaworthy, he was made exempt from liability for loss arising by reason of faulty navigation, dangers of the sea or other navigable waters, acts of God or public enemies, defects in the cargo itself, and so forth, but no exemption from liability for unseaworthiness was provided. The act was made applicable alike to private and common carriers, although upon the latter was placed the burden of proof with respect to negli-

gence. The Southwark, 191 U. S. 1, 24 S. Ct. 1, 48 L. Ed. 65; The Leerdam (C. C. A.) 17 F.(2d) 586. Whereas, against the former, there was no such presumption. The Nordhvalen (D. C.) 6 F.(2d) 883 and cases cited. This is the only point of distinction under the act, as interpreted by the decisions, between the two kinds of carriers, which is pertinent to the present proceeding.

The libel charges the vessel with unseaworthiness upon the voyage in question. In this situation, it avails the stipulator nothing to argue that the vessel is a private, rather than a common, carrier, because in either case a seaworthy vessel must be furnished. The stipulator may put the libelant to proof of unseaworthiness in accordance with the principles laid down in the Nordhvalen Case just referred to.

[4, 5] Since this is a case between a shipowner and a charterer, the terms of the charter party govern the relations between the parties, and not the bill of lading. The Fri (C. C. A.) 154 Fed. 334. The vessel being under a time charter and not a demise, it is clear that the charterer is entitled to rely upon a warranty of seaworthiness at the beginning of each voyage. It is not sufficient that the vessel is seaworthy when delivered, as is the case under a demise charter. So the case of The Francis Wright, 105 U. S. 381, 26 L. Ed. 1100, which deals with a demise charter, is not controlling here. In the case of Luckenbach v. McCahan Sugar Co., 248 U. S. 139, 39 S. Ct. 53, 63 L. Ed. 170, 1 A. L. R. 1522, it was decided that a time charter characterizing the vessel as "tight, staunch, and strong" on delivery, and binding the owners to "maintain her in a thoroughly efficient state in hull and machinery for and during the service," imports a warranty without limitation of seaworthiness not merely at delivery, but at the commencement of every voyage. The wording of the charter thus construed in the Luckenbach Case is identical with the wording of the charter in the present case.

There remains to be considered the fifth exception, which is to the effect that the allegations of the libel do not disclose any admiralty and maritime claim or lien upon the vessel upon which a judgment could be founded. In view of what has already been said with respect to the prior exceptions, it is obvious that this last exception is also without merit. All of the exceptions to the libel are therefore overruled.