## PETROLEUM NAV. CO. v. INTRACOASTAL TOWING & TRANSP. CO.

### No. 182.

District Court, S. D. Texas, at Houston.
Jan. 3, 1930.

Fulbright, Crooker & Freeman, of Houston, Tex., for plaintiff.

John D., M. A., and Edwin H. Grace, of New Orleans, La., and Weaver Moore, of Houston, Tex., for defendant.

HUTCHESON, District Judge.

Respondent excepts to the allegations of the libel, which in the libel are stated as follows: "By reason of the premises the libellant has sustained damage in the cost of necessary repairs to said barge Norsworthy, towage, dry dockage, survey fees, and of the services of the barge Old Hickory, Barge Norco, tug Delamar, Tug H. H. Colle, and tug Adler, and other necessary and proper expenses amounting in all to the sum of Five Thousand ($5,000.00) Dollars, or thereabouts, no part of which has been paid to the libellant although payment thereof has been duly demanded."

The point they make is that the amount attributed to each of the subdivisions of the claim should be stated with some fair approximation.

In reply to the exceptions, libelant takes the position that, since the damages are a matter of proof before a commissioner, and not a part of the preliminary trial on the merits, the exceptions should be overruled, citing to his position Coronet Phosphate Co. v. United States Shipping Co. (D. C.) 260 F. 846; The Fort Gaines (D. C.) 21 F.(2d) 865, 1927 A. M. C. 1778; W. R. Grace & Co. v. Luckenbach (D. C.) 248 F. 953; The James E. Newsome (D. C.) 14 F.(2d) 244, 1926 A. M. C. 1154.

It seems to me that the proper solution of the matter lies here; that ordinarily, in the absence of a request for specifications by way of exceptions, the damage as pleaded by libelant should be regarded as sufficient. In view of the exceptions, however, and the statement in the brief of respondent that it is in a position to furnish the information desired, it seems to me the exceptions should be sustained.

It is not meant by this ruling to establish a practice requiring such specification, but merely that where it is made to appear upon the hearing of such exceptions that the information is at hand, the court should direct libelant, either by amendment or in the way of a bill of particulars, to furnish the information desired.